# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2985 | **DATE** | 3/25/2013 |
| **CASE TITLE** | JOY COLE vs. MICHAEL J. ASTRUE | | |

**DOCKET ENTRY TEXT**

For the reasons set forth, the motion for attorney fees [52] is granted and Rose is awarded $42,798 in attorneys' fees but is directed to credit $12,000 to his client, Joy Cole.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Counsel for plaintiff, Ashley Rose, moves this Court for payment of $42,798 in attorney's fees pursuant to 42 U.S.C. § 406(b) based on a contingency fee agreement he entered into with Plaintiff Joy Cole. The Commissioner argues that an award of this amount would be a windfall, and that the award should be reduced to $38,800.[1] For the reasons set forth below, the Court grants Rose's motion for Section 406(b) fees.

Rose represented Cole in two civil actions in this district. In both, Cole sought judicial review of final decisions made by the Commissioner denying her Disability Insurance Benefits. The first action was entitled *Cole v. Barnhart,* No. 03 C 4495. There, former Magistrate Judge Bobrick entered a Sentence-Four judgment for Cole remanding the case to the Commissioner. After the remand, Cole received an unfavorable judgment from the Commissioner. She appealed that decision to the Appeals Council, which declined to hear the case. Accordingly, she filed the instant case. Magistrate Judge Ashman entered a Sentence-Four judgment for Cole and the case was remanded again to the Commissioner. This time, the administrative law judge rendered a decision in favor of Cole that resulted in an award of benefits. The $42,798 sought by Rose constitutes twenty-five percent of the past due benefits awarded to Cole.

Section 206(b)(1) of the Social Security Act provides that fees charged by a claimant's counsel must be reasonable and may not exceed twenty-five percent of the past due benefits. *See* 42 U.S.C. § 406(b). In

| STATEMENT |
|---|

interpreting this statute, the Supreme Court has held that a twenty-five percent contingent-fee arrangement is not *per se* reasonable under Section 406(b); rather, the petitioning attorney must establish the reasonableness of his fees as a separate element. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). In determining whether the fee is reasonable, the Supreme Court noted that contingent-fee agreements might be unreasonable if: (1) the fee is out of line with "the character of the representation and the results...achieved"; (2) counsel's delay caused past-due benefits to accumulate; or (3) past due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.* However, *Gisbrecht* rejected the lodestar method as a measure for determining whether a fee under Section 406(b) is reasonable. *Id.* Rather, the Supreme Court directed that courts should "approach [Section 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808.

In following the Supreme Court's directions, the Court should also recognize "that Congress would not have enacted a law permitting contingent-fee agreements had it not recognized the value of those types of fee agreements in the Social Security context." *Reindl v. Astrue,* No. 09 C 2695, 2012 WL 4754737, at *2 (N.D. Ill. Oct. 4, 2012). As Magistrate Judge Schenkier noted,

"[c]ontingent-fee agreements allow claimants who cannot afford up-front fees or hourly rates to obtain representation...[they] also benefit the system by encouraging lawyers to be discerning in evaluating potential cases, and to refrain from bringing cases that appear to be plainly without merit." *Id.*

In evaluating the factors identified by *Gisbrecht*, the Court finds that the first two factors weigh in favor of finding Rose's fee to be reasonable. Rose litigated his client's case through two district court proceedings and two administrative remands eventually obtaining an excellent result. There is no evidence that past-due benefits accumulated as a result of Rose. Rather, the large past-due benefit award appears to be the result of the Commissioner's decision to deny benefits and zealously defend that decision. The Commissioner does not contest, and thus concedes, that these two factors cut in favor of Rose.

Rather, the Commissioner argues the third factor, that the twenty-five percent share that Rose will receive is large in comparison to the time he spent on the case. Specifically, the Commissioner argues that a fee in the amount of $42,798 would translate into an hourly rate of $551.52 based on 77.6 hours that Rose spent on these two proceedings. As noted above, *Gisbrecht* rejected the lodestar method as a measure for determining whether a contingent-fee under Section 406(b) is reasonable. *Id.* However, even considering the lodestar, the $551.52 per hour requested by Rose does constitute excessive compensation for an attorney who litigated a case for eight years, bore the substantial risk of receiving nothing and eventually obtained an excellent result for his client. Indeed, numerous courts within and outside this district have approved higher hourly rates for less hours spent on disability benefits cases. *See, e.g., Anderson v. Astrue,* No. 08 C 613, 2011 WL 379042, at *2 (N.D. Ill. Jan. 27, 2011) (approving twenty-five percent contingent fee that resulted in payment of $982.91 per hour); *Reindl,* 2012 WL 4754737, at *4-5 (awarding $645 per hour over the Commissioner's objection for 56.6 hours of work); *Kazanjian v. Astrue,* No. 09 C 3678, 2011 WL 2847439,

| STATEMENT |
|---|
| at *2 (E.D.N.Y. July 15, 2011) (awarding $48,064 for 19.75 hours of work). Accordingly, the Court finds that the contingentfee requested by Rose is reasonable and does not constitute a wind-fall.<br><br>However, Rose has already received $12,000 in attorney's fees that were paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. When an attorney recovers fees under both the EAJA and Section 406(b), the attorney must credit the lesser of the two fee awards back to his client to prevent a double recovery. *See McGuire v. Sullivan,* 873 F.2d 974, 977 n.1 (7th Cir. 1989). Accordingly, Rose must credit Cole with the $12,000 he has already received.<br><br>For the reasons set forth above, the motion is granted and Rose is awarded $42,798 in attorneys' fees but is directed to credit $12,000 to his client, Joy Cole. |

1. When a Title II or a Title XVI claimant petitions for a fee under 42 U.S.C. § 406(b), the Commissioner may express a position as to the reasonableness of the request, even though it is the Plaintiff who pays the fee, not the government. *See, e.g., McGuire v. Sullivan,* 873 F.2d 974 (7th Cir. 1989) (affirming government's challenge to fee awards that were to be paid by plaintiffs to their own attorneys).